

# FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JAN 2 4 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

#1 **Donna Washington**

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**-against-**

#2 **See attachments**

_____

_____

*(Write the full name of each defendant who is being
sued. If the names of all the defendants cannot fit
in the space above, please write "see attached" in
the space and attach an additional page with the
full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil
Rights**
(Non-Prisoner Complaint)

Case No. 2 5 CV - 0 4 3 SEH - CDL

*(to be filled in by the Clerk's Office)*

Jury Trial:    ☑ Yes ☐ No
*(check one)*

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files. Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number. A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an
application to proceed in *forma pauperis*.

ProSe-05



## Section I. (B)

## The Defendant/s

**Defendant No. 1**

Name Naciska Gilmore

Job Title Child Welfare Specialist

Street Address 6128 E 38th st

City and County Tulsa

State and Zip Code Oklahoma, 74135

Telephone Number (918) 430-6034

E-mail Address Naciska.Gilmore@OKDHS.org

\_\_\_\_ Individual capacity ✓ Official Capacity

**Defendant No. 2**

Name Margaret Eagler

Job Title Child Welfare Specialist II

Street Address 6128 E 38th st

City and County Tulsa

State and Zip Code Oklahoma, 74135

Telephone Number (918) 581-2033

E-mail Address Margaret.Eagler@OKDHS.org

____ Individual capacity __✓__ Official Capacity

**Defendant No. 3**

Name The Oklahoma State Department of Human Services

Job Title Child Welfare Division

Street Address 6128 E 38th st

City and County Tulsa

State and Zip Code Oklahoma, 74135

Telephone Number (918) 581-2033

E-mail Address N/A

____ Individual capacity __✓__ Official Capacity

Donna Washington

*Donna Washington*

1935 S 140th E Ave

Tulsa, Ok 74108

01/24/2025

Page 2 of 2

I.    **The Parties to This Complaint**

A.        **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name Donna Washington
Street Address 1935 S 140th E Ave
City and County Tulsa
State and Zip Code Oklahoma 74108
Telephone Number N/A
E-mail Address Dwashington.lee@Gmail.com

B.        **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name See attachments
Job or Title _____ (if known)
Street Address _____
City and County _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____
(if known)

☐    Individual capacity    ☐    Official capacity

Defendant No. 2

Name _____
Job or Title _____ (if

2

ProSe-05

known)

Street Address _____

City and County          _____

State and Zip Code       _____

Telephone Number         _____

E-mail Address           _____
(if known)

☐        Individual capacity    ☐        Official capacity

Defendant No. 3

Name  _____

Job or Title  _____ (if
known)

Street Address _____

City and County          _____

State and Zip Code       _____

Telephone Number         _____

E-mail Address           _____
(if known)

☐        Individual capacity    ☐        Official capacity

Defendant No. 4

Name  _____

Job or Title  _____ (if
known)

Street Address _____

City and County          _____

State and Zip Code       _____

Telephone Number         _____

E-mail Address           _____
(if known)

☐        Individual capacity    ☐        Official capacity

## II.    Basis for Jurisdiction

3

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

☑    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_4th, 6th and 14th constitutional rights, have been violated by state/local officials._

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_See attachments._

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was

4

ProSe-05

personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

See attachments.

B.      What date and approximate time did the events giving rise to your claim(s) occur?

See attachments

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachments.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and

5

ProSe-05

state what medical treatment, if any, you required and did or did not receive.

_____

_____

_____

_____

_____

_____

_____

_____

## V.    Relief

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_See attachments_____

_____

_____

_____

_____

_____

_____

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.              For Parties Without an Attorney

6

ProSe-05

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/24, 2025.

Signature of Plaintiff Donna Washington

Printed Name of Plaintiff Donna Washington

B.      **For Attorneys**

Date of signing: _____, 20___.

Signature of Attorney _____

Printed Name of Attorney

_____

Bar Number      _____
Name of Law Firm   _____
Address         _____
Telephone Number   _____
E-mail Address      _____

Donna Washington
1935 S 140th E Ave
Tulsa, Ok 74108

7

ProSe-05

## Section D of the Compliant

### Naciska Gilmore – Violations committed

**Fourth Amendment Right:** *Provides people the right to be secure in their person, home, papers, and effects, against unreasonable searches and seizures. "No warrants shall be issued, but upon probable cause, supported by Oath of affirmation."* Naciska Gilmore violated that amendment when on a sworn statement knowingly documented allegations from an unknown source. In which Naciska had no facts of the claims presented. However, willfully continued to swear by oath and present the unsubstantiated allegations before the court. Knowingly having no supporting evidence of those claims. Presenting the false declarations before the court to fraudulently obtain a warrant with the intent to unlawfully seize custody of the Plaintiff's minor child.

Under CPS Investigation Process per **10A O.S. § 1-2-102B, Referral to law enforcement** – "DHS is to immediately make a referral, either verbally or in writing, to the appropriate local law enforcement agency for the purposes of conducting a possible criminal investigation when upon, receipt for a report of alleged abused or neglect." In which Naciska failed to make a referral to law enforcement to conduct a possible criminal investigation, before swearing criminal charges upon the Plaintiff to unlawfully obtain a warrant to search and seize custody of her minor child.

**Investigation Process Per 10A O.S. § 1-2-106,** States "DHS" is required to refer all reports of child abuse or neglect to a law enforcement agency, for a separate determination of

D. Washington v. OKDHS     Filed in USDC ND/OK     Date: 01/24/2025

whether a criminal violation occurred." Naciska failed to have local law enforcement validate any criminal allegations before giving false testimonies to unlawfully obtain a warrant to search and seize custody of her minor child.

**Ignorance of the law is no excuse in any country**. "(Thomas Jefferson) whole course of jurisprudence, criminal as well as civil, of the common law points to a different conclusion. It is a common Maximum familiar to all minds that ignorance of the law will not excuse any person, either civilly or criminally, and result from the extreme danger of allowing such excuses to be set up for illegal acts, to the detriment of the public." (The 1833 case Barlow v. United States)

- **EXHIBIT #1** Shows medical referral from the PCP of the Plaintiff's minor child obtained on 06/05/2018.

- **EXHIBIT #2** Shows the Plaintiff scheduled a follow up appointment for her minor child with the neurologist for an EEG scheduled 10/03/2018. **EXHIBIT #2** also shows the Department of Human services (DHS) cancelled the minor's medical appointment. (After accusing the Plaintiff of refusing care and removing her minor child for allegations of medical neglect on 06/15/2018).

- **EXHIBIT #3** Shows application to take minor child(ren) into custody on 06/15/2018. Alleging that the circumstances of surroundings of the child(ren) are such that continuation in the child(ren)'s home or in the custody of the parent, legal guardian, or custodian would present an imminent safety threat to the child(ren) and an emergency

exists, preventing reasonable and/or active efforts to allow the child(ren) to remain in the home.

- **EXHIBIT #4** Shows Child Protective Services Supporting Affidavit from Naciska Gilmore on June 15, 2018. Claiming safety threats cannot be managed without court intervention. Alleging the Plaintiff refused to cooperate with physicians and OKDHS.
- **EXHIBIT #5** Shows order to take minor child(ren) into emergency custody on 06/15/2018.
- **EXHIBIT #6** Shows the case was terminated on 11/26/2018, with no criminal charges placed against the Plaintiff.

**Fourteenth Amendment Right** *States "No state shall make or enforce any law which abridge the privilege or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of the law, nor deny to any person within its jurisdiction the equal protection of the law."* Naciska violated due process rights upon (1) failing to follow State protocols for Child Protective Services investigation findings and the requesting of court intervention before intervening on the Plaintiff's family life. (2) State protocols for its investigation process for a referral to law enforcement to validate possible criminal charges before swearing those allegations before the court and (3) State protocols for child safety evaluation and determining the need for protective or emergency custody.

**340:75-3-500. Child Protective Services Investigation Findings** Subsection **(3) Substantiated** states a finding of substantiated means the Department of Human Services (DHS),

after an investigation of a report of child abuse or neglect and based upon some credible evidence, determined that child abuse or neglect occurred. When child abuse or neglect is substantiated, DHS may recommend: **(A)** court intervention if DHS finds the child's health, safety, or welfare is threatened. Naciska failed to obtain substantiated evidence that neglect, or abuse occurred. Evidence shows DHS cancelled the minor child's appointment and conspired to defraud the Plaintiff. Accusing her of medical neglect/abuse.

**340:75-3-500. Child Protective Services Investigation Findings** subsection **(4)(2)(B)** Sates "upon finding a child unsafe, the CW specialist: requests court intervention by recommending a deprived petition. The CW specialist documents in KIDS Case Contacts, the district attorney's comments on Form 04KI003E, when court intervention is requested." Evidence shows Naciska was not able to find the child unsafe. Further evidence shows DHS conspired against the Plaintiff and unlawfully cancelled the medical appointment scheduled for her minor child and wrongfully intervened and requested the emergency custody of the child with allegation of medical neglect and imminent danger.

Under CPS Investigation Process per **10A O.S. § 1-2-102B, Referral to law enforcement** – "DHS is to immediately make a referral, either verbally or in writing, to the appropriate local law enforcement agency for the purposes of conducting a possible criminal investigation when upon, receipt for a report of alleged abused or neglect." In which Naciska failed to make a referral to law enforcement to conduct a possible criminal investigation, before swearing criminal charges of medical neglect against the Plaintiff before unlawfully intervening.

Investigation Process Per 10A O.S. § 1-2-106, States "DHS" is required to refer all reports of child abuse or neglect to a law enforcement agency, for a separate determination of whether a criminal violation occurred." In which Naciska failed to have local law enforcement validate any criminal allegations before giving false testimonies to unlawfully intervene.

340:75-3-300. Child safety evaluation (b) Determining the need for protective or emergency custody. Oklahoma Department of Human Services (OKDHS) evaluates whether to recommend emergency OKDHS custody of a child based on the seriousness of the child's abuse or neglect and if the child is in need of immediate protection due to an imminent safety threat. Naciska failed to find substantial evidence of the minor child being unsafe. Evidence shows DHS conspired against the Plaintiff, unlawfully cancelling the minor child's medical appointment to exert claims of medical neglect/abuse.

- **EXHIBIT #2** Sows the Department of Human services (DHS) cancelled the minor's medical appointment.
- **EXHIBIT #7** Shows defendant admitting the Plaintiff has not been judged to have an abuse or neglect charge on 09/19/2018.
- **EXHIBIT #6** Shows the case was terminated on 11/26/2018, with no criminal charges placed against the Plaintiff.

- **EXHIBIT #4** Shows Child Protective Services Supporting Affidavit from Naciska Gilmore on June 15, 2018. Claiming safety threats cannot be managed without court intervention. Alleging the Plaintiff refused to cooperate with physicians and OKDHS.

**The Fourteenth Amendment's Equal Protection Clause** *requires states to practice equal protection. Equal protection forces a* <u>state </u> *to govern impartially—not draw distinctions between individuals solely on differences that are irrelevant to a* <u>legitimate</u> *governmental objective. Thus, the equal protection clause is crucial to the protection of* <u>civil rights </u>. Naciska violated this constitutional amendment right upon the multiple accounts of due process laws mentioned above. Along with her offense against the Plaintiff to have her maliciously prosecuted for a crime she did not commit, and the state created dangers of unnecessarily placing her minor child at risk and creating harm to justify a hate crime. Intentionally inflicting mental anguish and emotional distress upon the Plaintiff.

- **EXHIBIT #8** Show medical reports on 05/22/2018, stating the danger for potential shunt malformation with concerns and the need for an evaluation for a possible in the original report to DHS for allegation of medical neglect.
- **EXHIBIT #9** Shows medical reports for 06/15/2018, stating the minor's child VP shunt was intact with no interruptions and that he has not displayed any seizures. That the child has not received any medication and has not complained of any symptoms, headaches or vomiting and that the history of a seizure disorder was given from Naciska Gilmore.

- **EXHIBIT #10** Shows communication with the defendant and medical evidence from the neurologist on 10/25/2018, showing the minor child is fine with only the need to complete a follow up in a year to ensure things are still okay.

- **EXHIBIT #11** Shows medical evidence of testing ruling out epileptiform activity for the Plaintiff's minor child in 2012.

- **EXHIBIT #2** Shows the Plaintiff scheduled a follow up appointment for her minor child with the neurologist for an EEG scheduled 10/03/2018. **EXHIBIT #2** also shows the Department of Human services (DHS) cancelled the minor's medical appointment. (After accusing the Plaintiff of refusing care and removing her minor child for allegations of medical neglect on 06/15/2018).

- **EXHIBIT #7** Shows defendant admitting the Plaintiff has not been judged to have an abuse or neglect charge on 09/19/2018.

- **EXHIBIT #6** Shows the case was terminated on 11/26/2018, with no criminal charges placed against the Plaintiff.

### Margaret Eagler - Violations

**Fourteenth Amendment Right** *States "No state shall make or enforce any law which abridge the privilege or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of the law, nor deny to any person within its jurisdiction the equal protection of the law."* Margaret violated this right upon (1) failing to follow state protocols for permanency planning. Creating and enforcing an Individualized Service Plan (ISP) for a child illegally in OKDHS custody and (2) failing State Protocols for unsubstantiated findings.

**340:75-6-1. Purpose for permanency planning. SUBCHAPTER 6. PERMANENCY PLANNING Part 1. GENERAL PROVISIONS (a) Purpose.** Permanency planning services are provided to the: (1) child in Oklahoma Department of Human Services (OKDHS) legal custody or under OKDHS legal supervision. The Department was unable to find any substantial evidence against the Plaintiff. Evidence shows OKDHS conspired to cancel the minor's medical appointment to obtain illegal custody of the minor alleging medical neglect.

- **EXHIBIT #7** Shows Margaret admitting to knowing the Plaintiff have not been judged to have an abuse/neglect charge against her.
- **EXHIBIT #12** Shows Individualized Service Plan (ISP) for the plaintiff to complete for the reunification of her child.

**The Fourteenth Amendment's Equal Protection Clause** *requires states to practice equal protection. Equal protection forces a* <u>state</u> *to govern impartially—not draw distinctions between individuals solely on differences that are irrelevant to a* <u>legitimate</u> *governmental objective. Thus, the equal protection clause is crucial to the protection of* <u>civil rights</u> . Margaret violated this constitutional amendment right upon violating the due process rights to act on an unsubstantiated case, as well as failing to practice equal protection laws. Supporting the agency's wrongdoing after receiving evidence of their illegal act. Negligently acting to unlawfully keep the case open, making unjustly demands for private access to the minor child, followed by threats and intimidation tactics to include the judge as an attempt to force compliance with those demands.

### 340:75-3-500. Child Protective Services investigation findings

**(2) Unsubstantiated**. A finding of unsubstantiated means DHS, after an investigation of a report of child abuse or neglect, determined insufficient evidence exists to fully determine whether child abuse or neglect occurred. When child abuse or neglect is unsubstantiated, DHS may recommend, when determined necessary, that the parents or persons responsible for the care of the child obtain child abuse and neglect prevention and intervention-related services. According to the protocol for unsubstantiated findings, DHS is only allowed to recommend intervention related services.

- **SEE EXHIBIT #7** Shows knowledge of the unsubstantiated case.
- **SEE EXHIBIT #13** Shows communication from Margaret requesting private access to the Plaintiff's minor child and threats to include the judge for noncompliance.
- **SEE EXHIBIT #14** Show communication with forwarded evidence of the agency cancelling the minor's child medical appointment.

### Oklahoma Department of Human Services (OKDHS) – Violations

**The Sixth Amendment** *Guarantees the rights of criminal defendants, including the right to a public trial without necessary delay, the right to a lawyer, the right to an impartial jury, and the right to know your accusers are and the nature of the chargers and evidence against you.*
OKDHS violated this constitutional amendment right upon (1) illegally proceeding to terminate the parental rights of the Plaintiff without a jury trial by petition of deprived adjudication and disposition/ deprived adjudication with immediate termination of parental rights and (2) the

unlawful prosecution of the Plaintiff for charges of medical neglect, in which OKDHS was unable to identify a source for the claimed allegations placed against her.

**Section 1-4-906 of Title 10A of the Oklahoma Statues (10A O.S § 1-4-906) (b) Legal grounds for termination of parental rights (1) Per 10A O.S. § 1-4-904** States a court may not terminate a parent's parental rights unless the child is adjudicated deprived prior to, or concurrent with, TPR proceedings, and the court makes the finding that TPR is in the child's best interests. OKDHS failed to obtain substantial evidence for the minor child being deprived and abused its power to unlawfully have the child adjudicated deprived using fraudulent reports.

- **EXHIBIT #4** Show a Child Protective Services Affidavit with no reports or sources reported for the medical deprivation claims against the Plaintiff for the failure to obtain an EEG for her minor child.
- **EXHIBIT #15** Shows the petition for deprived adjudication and disposition/ deprived adjudication with immediate termination of parental rights
- **EXHIBIT #7** Shows defendant admitting the Plaintiff has not been judged to have an abuse or neglect charge.
- **EXHIBIT #6** Shows the case was terminated with no criminal charges placed against the Plaintiff.
- **EXHIBIT #9** Shows medical reports from a physician stating the minor's child VP shunt was intact with no interruptions and that he has not displayed any seizures. That the child has not received any medication and has not complained of any symptoms, headaches, or vomiting.

- **EXHIBIT #10** Shows communication and medical evidence from the neurologist on showing the minor child is fine with only the need to complete a follow up in a year to ensure things are still okay.

**Fourteenth Amendment Right** *States "No state shall make or enforce any law which abridge the privilege or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of the law, nor deny to any person within its jurisdiction the equal protection of the law."* OKDHS violated due process rights upon (1) failing to follow the State protocols for authorization and consent for extraordinary medical care and treatment when unlawfully scheduling surgery for the Plaintiff's minor child (2) The State protocols for placement provider as payee for a child's benefits and (3) State protocols for the legal grounds to terminate parental rights.

**340:75-14-3. Medical services for the child in Oklahoma Department of Human Services (DHS) custody** States under Medical care treatment per Section 1-3-102 of Title 10A of the Oklahoma Statues (10A O.S. § 1-3-102) (C)(2)(A) DHS employees are not authorized to consent to extraordinary medical care and treatment for any child in DHS voluntary, emergency, temporary, or permanent custody. OKDHS abused and violated state protocols for authorization and consent to schedule extraordinary medical care treatment for the Plaintiff's minor child.

**340:75-14-3. Medical services for the child in Oklahoma Department of Human Services (OKDHS) custody** States under Medical care treatment per Section 1-3-102 of Title

D. Washington v. OKDHS     Filed in USDC ND/OK     Date: 01/24/2025

10A of the Oklahoma Statues (10A O.S. § 1-3-102) (C)(2)(A)(C) Court authority is required for extraordinary medical care and treatment when the: (i) child is in DHS permanent custody; (ii) parent is unavailable to provide consent; (iii) parent refuses to provide consent; or (iv) care and treatment is related to the suspected abuse or neglect. State protocols apply to children in OKDHS legal custody or supervision, and cases based upon substantiated findings. OKDHS failed to secure substantial findings for medical neglect/abuse. Evidence shows the reports of the alleged medical neglect for possible shunt malformation was cleared on two different occasions by a physician and a neurologist. However, OKDHS continued to negligently abuse state statues for authorization and the consent to seek extraordinary medical care treatment for the Plaintiff's minor child.

**340:75-13-29. Supplemental Security Income - Disabled Children's program**

(c) **Placement provider as payee for a child's benefits.** The kinship, paid, or non-paid placement provider must be the child's established home for nine-consecutive months or longer before applying to be the child's payee. The CW specialist contacts the FBO Social Security specialist to assist the placement provider in completing the form. Not only was the minor child illegally in OKDHS custody and untitled to the child's benefits. OKDHS removed funds from the Plaintiff and switch the minor child's payee within 3 months of having him removed from the home.

**§340:75-6-40.9 Termination of parental rights (TPR) (b) Legal grounds for termination of parental rights** (1) Per 10A O.S. § 1-4-904, a court may not terminate a parent's parental rights unless the child is adjudicated deprived prior to, or concurrent with, TPR proceedings, and

the court makes the finding that TPR is in the best interests. **(3) Per 10A O.S. § 1-4-904**, the court may terminate parental rights on the grounds listed in (A) through (Q) of this paragraph. OKDHD failed to substantial evidence or gain consent for **(A)** Consent, **(B)** Abandonment, **C)** Abandonment of an Infant, **(D)** Non-compliance with voluntary placement agreement, **(E)** Failure to correct condition(s), **(F)** Same conditions - another child, **(G)** Failure to support, **(H)** Certain criminal convictions, **(I)** Heinous or shocking abuse or neglect, **(J)** Prior abuse or neglect, **(K)** Rape by the parent, **(L)** Incarceration, **(M)** Behavioral health illness or incapacity, **(N)** Prior adjudication of same conditions, **(O)** Substantial erosion of parent-child relationship, **(P)** Lengthy foster care of child years of age and older, or **(Q)** Lengthy foster care of a child younger than 4 years of age.

- **EXHIBIT #8** Shows medical records from the original report to OKDHS for allegation of medical neglect reporting concerns and evaluation need for possible shunt malfunction.
- **EXHIBIT #4** Shows no reports of substantiated findings for medical neglect/abuse on the Child Protective Services Affidavit.
- **EXHBIT #9** Shows medical evidence from a physician reporting that the minor child's shunt is intact with no interruptions.
- **EXHIBIT #10** Shows communication with the defendant and medical evidence from the neurologist showing the minor child is fine with only the need to complete a follow up in a year to ensure things are still okay.
- **EXHIBIT #16** Shows a medical referral by OKDHS for pediatric neurosurgery was made for the minor child.

- **EXHIBIT #11** Shows medical evidence of testing ruling out epileptiform activity for the Plaintiff's minor child.

- **EXHIBIT #6** Shows termination of the court's jurisdiction over the Plaintiff's minor child with no criminal charges or medical neglect/abused found.

- **EXHIBIT#17** Show notification from the social security administration regarding a payee change of her minor child's benefits within 3 months of unlawfully having her child removed from the home.

- **EXHIBIT #15** Shows the petition for deprived adjudication and disposition/ deprived adjudication with immediate termination of parental rights

- **EXHIBIT #7** Shows defendant admitting the Plaintiff has not been judged to have an abuse or neglect charge.

**The Fourteenth Amendment's Equal Protection Clause** *requires states to practice equal protection. Equal protection forces a* <u>state</u> *to govern impartially—not draw distinctions between individuals solely on differences that are irrelevant to a* <u>legitimate</u> *governmental objective. Thus, the equal protection clause is crucial to the protection of* <u>civil rights</u> . OKDHS violated multiple due process rights to intentionally defraud the Plaintiff, have her maliciously prosecuted, and unlawfully invaded her home to kidnap her minor child. Along with attacking her financial lively hood and unnecessary placing her minor child in harm. Inflicting mental anguish and emotional distress upon the Plaintiff.

- **EXHIBIT #4** Shows no reports of substantiated findings for medical neglect/abuse on the Child Protective Services Affidavit.

- **EXHBIT #9** Shows medical evidence from a physician reporting that the minor child's shunt is intact with no interruptions. Counteracting the concern and report to DHS of medical neglect for dangers and possible shunt malformation

- **EXHIBIT #10** Shows communication and medical evidence from the neurologist showing the minor child is fine with only the need to complete a follow up in a year to ensure things are still okay.

- **EXHIBIT #11** Shows medical evidence of testing ruling out epileptiform activity for the Plaintiff's minor child.

- **EXHIBIT #16** Shows a medical referral by OKDHS for pediatric neurosurgery was made for the minor child.

- **EXHIBIT#17** Show notification from the social security administration regarding a payee change of her minor child's benefits within 3 months of unlawfully having her child removed from the home.

**Conspiracy against rights §241.** *State If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—*

*They shall be fined under this title or imprisoned not more than ten years, or both; and if*

*death results from the acts committed in violation of this section or if such acts include*

*kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit*

*aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned*

*for any term of years or for life, or both, or may be sentenced to death.* The conspiracy to

interfere with a right or privilege secured by the constitution or laws of the United States is

prohibited by section 241.

Evidence shows the Department of Human Services engaged in illegal activity,

unlawfully accessing, and tampering with the Plaintiff's medical records, followed by multiple

Child Welfare workers coming together to falsely prosecute her, oppressing her under the color

of law. Evidence show OKDHS knowingly obtained an unlawful warrant to kidnap the

Plaintiff's minor child and engaged in medical abuse alleging the child had a life-threatening

condition without supporting medical evidence and continuously sought treatment in pursuit of a

life-threatening surgery. Forcing the minor child to see a therapist to brain wash and convince

him of a disorder he did not have and was not diagnosed with.

OKDHS conspired with the medical clinic allowing them the unlawful access to tamper

and handle the Plaintiff's medical records. In which the clinic also engaged in malpractice

causing pain and mistreated the Plaintiff's minor child to influence his EEG testing to suggest

convulsions and provided false claims of a shunt obstruction. Depriving the Plaintiff, the right to

be treated fairly by those in power and violating her constitutional rights to maintain family life,

to be secure in home against unwarranted search and seizures, a jury trial, and the right to know

her accuser.

- **EXHIBIT #2** Shows the Department of Human services (DHS) cancelled the minor's medical appointment.

- **EXHIBIT #4** Shows no reports of substantiated findings for medical neglect/abuse on the Child Protective Services Affidavit.

- **EXHIBIT #4** Shows Child Protective Services Supporting Affidavit from Naciska Gilmore. Claiming safety threats cannot be managed without court intervention. Alleging the Plaintiff refused to cooperate with physicians and OKDHS.

- **EXHIBIT #3** Shows application to take minor child(ren) into custody. Alleging that the circumstances of surroundings of the child(ren) are such that continuation in the child(ren)'s home or in the custody of the parent, legal guardian, or custodian would present an imminent safety threat to the child(ren) and an emergency exists, preventing reasonable and/or active efforts to allow the child(ren) to remain in the home.

- **EXHIBIT #5** Shows order to take minor child(ren) into emergency custody.

- **EXHIBIT #8** Show medical reports for the danger for potential shunt malformation with concerns and the need for an evaluation for a possible in the original report to DHS for allegation of medical neglect.

- **EXHIBIT #19** Medical records with false reports for shunt obstruction.

- **EXHIBIT #20** Show medical records with false reports of uncontrollable seizures with medical history provided from DHS.

- **EXHIBIT #9** Shows medical reports stating the minor's child VP shunt was intact with no interruptions and that he has not displayed any seizures. That the child has not received any medication and has not complained of any symptoms, headaches or vomiting and that the history of a seizure disorder was given from Naciska Gilmore.

Page **17** of **20**

- **EXHIBIT #10** Shows communication and medical evidence from the neurologist showing the minor child is fine with only the need to complete a follow up in a year to ensure things are still okay.

- **EXHIBIT #11** Shows medical evidence of testing ruling out epileptiform activity for the Plaintiff's minor child.

- **EXHIBIT #18** Shows medical visit summary for minor child stating suggestive convulsions provided by the clinic in collaboration with OKDHS.

- **EXHIBIT #12** Shows Individualized Service Plan (ISP) stating the minor child was required to see a therapist to convince him an alleged disorder.

- **EXHIBIT #16** Shows a medical referral by OKDHS for pediatric neurosurgery was made for the minor child.

**18 U.S. Code § 249 – Hate Crime acts (a)(1)** *In GENERAL STATES "OFFENSES INVOLVING ACTUAL OR PERCEIVED RACE, COLOR, RELIGION, OR NATIONAL ORIGIN. Whoever, whether or not acting under color of law, willfully causes bodily injury to any person or, through the use of fire, a firearm, a dangerous weapon, or an explosive or incendiary device, attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person."* OKDHS acted under the color law and illegally tampered with and cancelled the Plaintiff's medical appointment for her minor child, before knowingly having her prosecuted for a crime of medical neglect she did not commit. Then maliciously acted to have her home invaded by law enforcement and unlawfully kidnapped her minor child. Moreover, recklessly acted and committed medical abuse, reporting the child had a life-threatening condition without supporting

medical evidence and continuously sought treatment in pursuit of a life-threat surgery. Forcing the minor child to see a therapist to brain wash and convince him of a disorder he did not have, which manifested, causing harm to the child. Imposing emotional distress and mental anguish upon the Plaintiff.

- Refer to **EXIBITS** listed under **Conspiracy against rights §241.**

**18 U.S. Code § 242 – Deprivation of rights under color of law** States whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Evidence shows the Plaintiff was deprived of the **Fourth Amendment Right** Providing people the right to be secure in their person, home, papers, and effects, against unreasonable

searches and seizures, the **Sixth Amendment Right** of criminal defendants, including the right to a public trial without necessary delay, the right to a lawyer, the right to an impartial jury, and the right to know your accusers are and the nature of the chargers and evidence against you, the **Fourteenth Amendment Right** to due process of the law and equal protection of the law, along with **conspiracy rights** and **hate crime laws** as mentioned for the reasons stated above.

- Refer to **EXIBITS** listed under **Conspiracy against rights §241.**

Donna Washington

1935 S 140th E Ave,

Tulsa, OK 74108

01/24/2025

D. Washington v OKDHS          Filed in USDC ND/OK          Date: 01/24/2025

## III. Statement of Claim

## Section "C" Statement of the Complaint

1. On or around June 10th, 2018, the Oklahoma State Department for Child Protective Services closed the Plaintiff's case against her. After No substantial evidence was found. With the completion of its child protective services (CPS) investigation for referral # 1924262. Reported from a St. Francis children's healthcare provider. Alleging medical neglect against the Plaintiff. In regard to the Plaintiff's choice for removing her child from its hospital and wanting to seek treatment from their established healthcare provider.

2. Within 2 weeks following the investigation. The Tulsa Child Welfare Department conspired with the doctor's office and unlawfully had the Plaintiff's EEG appointment for her minor child cancelled.

3. Between June 11 and June 14th of 2018. Child Protective Services immediately began calling and harassing the Plaintiff, making fraudulent accusations against her. Alleging she did not want to keep the medical appointment. Followed by the threat to have her child removed from the home.

4. On or around June 12th or 13th, 2018, Child protective services began to escalate their threat. To Involve the District Attorney to rid the Plaintiff of her parental rights and the custody of her minor child. Alleging the Plaintiff failed to complete the EEG appointment for her minor child. While refusing to provide a source for the claim and failing to provide any supporting evidence or documentation for these allegations.

5. Shortly just days after harassing the Plaintiff, with the threat to remove her minor child. Child Welfare Workers Naciska Gilmore and Latressa Avery, unlawfully showed up to the

D. Washington v OKDHS          Filed in USDC ND/OK                Date: 01/24/2025

Plaintiff's house, late afternoon on June 15, 2018. Aggressively banging on the door. Where no response was given.

6. After leaving the Plaintiff's home. Child Welfare Worker (CWW) Naciska Gilmore fraudulently petitioned the court for the use of excessive force to gain illegal access into the Plaintiff's home. To gain unlawful access to her minor child. Alleging action was necessary to maintain the child's safety.

7. Later that day. Child Welfare Workers Naciska Gilmore and Latressa Avery showed back up to the Plaintiff's residence assisted by 8 to 10 police units. Where the Tulsa Police Department committed criminal invasion under the misapprehension of child protective services. By which the plaintiff and her small children were held at gunpoint with a semi-automatic rifle. The Plaintiff was unlawfully detained. Followed with the threat to illegally remove the remaining children, as means to force compliance. As CPS workers Latressa and Naciska proceeded to illegally remove and abduct the Plaintiff's child.

8. Upon the child's father arriving at the scene. Tulsa Child Welfare explained to the father. The child would be taken and medically evaluated and brought back. That neither parent was not allowed to participate with the visit or know the whereabouts of the facility's location.

9. After the medical examiners eliminated the agency's claim for medical neglect later that day on June 15th. Making reports to Child Protective Services that evening. Stating the Plaintiff's minor child showed no medical issues or health concerns. CPS refused to return the child and continued to report fraudulent medical history for the minor child with other medical providers.

10. Late night of June 15th, 2018, Child Welfare Supervisor Latressa Avery called the Plaintiff, to seek placement options for the minor child. Latressa denied the Plaintiff's placement option for having the child placed with his natural father. While refusing to act on the Plaintiff's concerns for the unjust removal of her minor child. Informing the Plaintiff, that it is too late to fix anything. Informing her to take matters up with the judge at this point.

11. Within a week of removing the Plaintiff's child from out of the home. A Child Safety Meeting (CSM) was held. To address the child's safety needs and to determine possible safety interventions including placement options. During the child safety meeting Child Welfare Supervisor Latressa, instructed Child Welfare Worker Naciska to not disclose and identify the source who was responsible for placing new allegations against the Plaintiff. Naciska was only allowed to discuss details from the original closed case where no substantial evidence was found regarding the allegations of medical neglect/abuse.

12. On June 27th, when following up with the Department of Human Services' CSM Facilitator Scott Woodson. To address the concerns for using allegations from an unidentified source. Along with pointing out the medical clearance was given from physicians. Where doctors reported having no medical concerns for the Plaintiff's child. As well as the Plaintiff, bringing to attention the concern for the overall wellbeing of her child. Including his psychological welfare. Scott stated he no longer had authority to act in any capacity towards the case. Instructing the Plaintiff to direct all inquiries with the worker. Refusing to act regarding any misconduct of the agency or concerns for the child's welfare. Only informing the Plaintiff, her case was being transferred to a permanency unit.

13. After unlawfully taking the Plaintiff's minor child into State Emergency Custody on June 15, 2018. The Oklahoma State Department of Human Services Child Welfare Unit,

conspired and worked with the District Attorney to maliciously prosecute the Plaintiff, in June's emergency show cause hearing, with no supporting evidence and knowledge of the child being medically cleared in the medical assessment provided on 06/15/2018. Presenting a fraudulent case before the judge. Where the agency failed to make a referral to local law enforcement. Refusing to validate the criminal allegations of a child crime. However, swore by oath and made fraudulent declarations against the Plaintiff. Where no substantial evidence was found or used to prosecute the Plaintiff.

14. In the attempt to established evidence to justify the unlawful emergency state custody of the Plaintiff's child. Child protective services continued to conspire with its established physician Dr. Siegler. To influence medical testing results on June 27th. Where the Plaintiff's son called crying. Informing his mother of the medical mistreatment that happened. Followed by Child Welfare switching the day of the set appointment. To deprive the Plaintiff the opportunity to attend the appointment with her minor child. Where medical misconduct was taking place to influence medical testing and false reports for an obstructed shunt was given.

15. After the Plaintiff filed a complaint with the Oklahoma State Medical Board on July 9th, against Dr. Siegler for medical misconduct and malpractice. Permanency supervisor Child Charene Nowicki acted out of retaliation. Placing tight restrictions for communication between the Plaintiff and her child. While also demanding unlawful access to the Plaintiff's remaining children in the home. Threatening to have the judge produce access. As an attempt to force compliance.

D. Washington v. OKDHS          Filed in USDC ND/OK          Date: 01/24/2025

16. Due to losing their connection with its established physician Dr. Siegler. Case workers began to spitefully conceal medical information and doctor appointments away from the Plaintiff, in pertains to her child.

17. When the Plaintiff sought support from her spouse (the natural father) around July of 2018, to assist and inquire about issues reported from their minor child. While being in state custody. Child Protective Services threatened to have protective orders set in placed and immediately petitioned the court. To seek deprived adjudication and disposition with the immediate termination of parental rights. Illegally having the Plaintiff's parental rights removed.

18. Upon the Plaintiff placing concerns with her case worker supervisor Charene Nowicki on July 10th. For the inappropriate conduct of a Child Welfare Worker. Threatening to have a protective order placed against the child's father and our parental rights removed. For advocating and providing support to our minor child in state custody. Child Welfare Supervisor Latressa Avery, threatened to have permanent defamatory statements placed against the Plaintiff. For claims of erratic, behavior. With issues of logic, deduction and conspiracy theories placed against her. As a result of the Plaintiff placing concerns with the agency for its misconduct.

19. When placing concerns for negligence and the continuance for improper behavior of the agency on July 17th, with the new lead Child Welfare Worker Vannessa Stinnett. In regard to her supervisor Charene over-riding the judge's order and further violation of the Plaintiff's rights to participate with medical appointments pertaining to her minor child. Along with exercising control over the Plaintiff's visitation rights and seeking illegal access to the remaining children in her home. Vannessa forwarded the Plaintiff's complaint

to her supervisor. Stating she didn't respond, but figured they wanted to see what the Plaintiff sent. Willfully overlooking the concerns of the Plaintiff to aid the agency.

20. The Plaintiff was ignored by the District Supervisor Ashley Dugger. Upon the Plaintiff placing concerns for misconduct of the department on July 17th. The District Supervisor failed to provide a response. Refusing to correspond with the Plaintiff. Ultimately taking no action towards the Plaintiff's complaint.

21. After no disciplinary or corrective actions was taken against misconduct of the agency. The Oklahoma State Child Welfare Division began to devise a heinous crime. No longer being allowed to work and conspire with its established physician Dr. Siegler. Child Protective Services changed the primary care provider of the Plaintiff's child in August of 2018. Concealing all appointment information and began providing false medical history to establish a referral for a major life-threatening surgery for the Plaintiff's minor child.

22. 09/13/2018, Child Welfare Services unlawfully created an Individualized Service Plan (ISP) Dispositional Report with unwarranted requirements. In the attempted means to force the Plaintiff to undergo mental health services and domestic violence treatment. Alleging mental health concern for the Plaintiff.

23. The Oklahoma State Department of Child Welfare Services created danger for the Plaintiff's child practicing medical abuse and incorporating the use of a therapist to Indoctrinate the child of having a medical condition. Ultimately manifesting a neurological disorder for the minor child.

24. Upon the Plaintiff hiring a private attorney. Tulsa Child Welfare attacked the Plaintiff's financial lively hood and vindictively requested to have the child's disability income removed and ordered to the kinship placement. Breaching policies for not having custody

of the child for a minimum of at least 12 months. While also knowing its agency maintained unlawful custody of the child and had no rights to his resources.

25. The Oklahoma State Department of Human Services, conspired with the Plaintiff's attorney. Once the custody of the minor child was returned to her. To maintain its illegal access to the Plaintiff's child. Alleging it would be beneficial for the state to supervise the case. Immediately seeking a Temporary Order After Petition for supervision over the case on September 10th, 2018.

26. September of 2018, the Plaintiff's case worker acknowledged her awareness of knowing the Plaintiff has not been judged to have an abuse or neglect charge. However, refused to close the case. Negligently acting to unlawfully keep the case open, making unjustly demands for private access to the minor child, followed by threats and intimidation tactics to include the judge as an attempt to force compliance with those demands.

27. After the Plaintiff provided the CPS case worker with evidence on September 22nd, 2018. demonstrating its agency was responsible for cancelling the Plaintiff's medical appointment set for her minor child. Child protective services conspired with the child's school to produce seizure like activity. In desperate attempts to sustain evidence before the next upcoming court date. Acting on inconsistent claims.

28. On 11/26/2018, the Judge dismissed the Plaintiff's case before she could present new evidence of DHS cancelling the medical appointment for her minor child. Upon the Plaintiff having her own case dismissed on November 26th, 2018. The Oklahoma State Department of Human Services Child Welfare Department refused to clear the Plaintiff's name. Stating although the case was dismissed. It would still read differently in other files.

D. Washington v. OKDHS          Filed in USDC ND/OK          Date: 01/24/2025

As well as denying the Plaintiff the right to access and review the entirety of her case filed with its agency.

Donna Washington

1935 S 140th E Ave

Tulsa, Ok 74108

01/24/2025

D. Washington v OKDHS    Filed in USDC ND/OK    Date: 01/24/2025

## IV. INJURIES

The Plaintiff suffers from emotional distress and mental anguish from corrupt government workers of the state. Mrs. Washington has lost the sense of security living within her own home. The Plaintiff has established a sense of distrust with government systems and its officials. Due to its malicious prosecution, multiple conspiracy attempts, free will to abuse government power and ability to run unlawful interference. The Plaintiff is hardened with a sense of loss and betrayal from the judicial system and its ability to turn a blind eye to justice. Mrs. Washington is fearful of physicians and schools for its role in supporting fellow corrupt officials. The Plaintiff is constantly distressed at psychological damage done to her son at the hands of the state. Making parenting an everyday struggle and complicated task. Requiring the use of mental health care with a comprehensive client centered approach to recovery and healing, from psychological effects of unconstitutional treatment.

## V. RELIEF

Economic Damages

- Lawyer fees - $4000
- Medical fees - $500
- Traveling fees - $1000
- Missed work - $800
- Property damage - $300
- Mailing fees - $300
- Copying and printing fees - $700
- Stolen funds - $3,500
- Generated debt - $10,000

Non-Economic Damages

- Compensation for severe psychological injury and mental health recovery (minor child) - $100,000
- Compensation for mental health recovery (Plaintiff) - $10,000
- Intentional infliction of emotional distress - $350,000
- Malicious and false prosecution - $350,000
- Intentional intent to trespass to land - $350,000
- Intention trespass to chattle - $350,000

Punitive Damages
- $500,000

Basis for Punitive Damages

- Intentional abuse of power
- Intentional intent of constitutional harassment
- Intention infringement of the constitutional law
- Intentional violation of statutory rights
- Malicious prosecution
- Criminal intent of kidnapping
- Child concealment
- Failure to place the safety of the child 1st
- Conspiracy with profitable gains
- Hate crime and created dangers of psychological damages which manifested into a neurodevelopmental disorder

The Plaintiff is seeking $21,100 in *economic damages*, $1,510,000 in *non-economic damages* and $500,000 in *punitive damages* for total of $2,031,100 in relief.

Grounds for Punitive Damages

Page 2 of 4

Government workers for the Oklahoma State Department of Human Services (OKDHS) poorly mishandled the powers granted to them by the State. Powers bestowed unto them to protect the safety and welfare of the public. To improve the quality of life, safety and well-being of children and families. OKDHS workers have been found erroneous in the court of law, for running governmental interference. Where powers were used to commit conspiracies, attack an innocent mother, commit criminal home invasion and risk the life of a minor child. The Department of Human Services mercilessly made a mockery of their ability to act under the color of law and to strip families of their basic rights. Carrying out bias agendas resulting in serious harm and creating life-long damages. Committing multiple crimes Leaving a lasting impact on the victims. Kidnapping and conspiracy to murder is a crime and is illegal in all 50 states in the District of Columbia. A crime which is punishable by law. According to the law of the land. No man is above the law, and everyone under the authority of the constitution is obligated equally to obey the law.

The Plaintiff is seeking Punitive Damages for corrective and preventive measures. Against safeguards allowing government officials to undermine authority and easily embark in inhumane acts and hostile behaviors. Giving those in the position of power and authority. The sense of security to take law into their own hands. The Plaintiff seeks exemplary damages to discourage this type of unfathomable negligence.  To remind those in positions of authority. That no man is above the law. To avoid the temptations of breaching federal laws and violating principle ethics. To deter ill-suited behavior and re-establish accountability. To improve the quality of government public relations. Promoting the will to practice legal and safe behaviors. To ensure the protection of public safety. Providing treatment and rehabilitative services which

Page 3 of 4

D. Washington v. OKDHS       Filed in USDC ND/OK              Date: 01/24/2025

are truly needed. While implementing preventive and intervention programs that are tailored to

the needs of families and not of one's own will or agenda. Respecting the choice of parents to

exercise their rights. To make decisions. Based on the healthcare needs of their children.

Without the fear of losing their children or the risk of losing their child's life and suffering

psychological damage at the hands of the state.

Donna Washington

1935 S 140th E Ave

Tulsa, Ok 74108

01/24/2025